UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALICE MELILLO and ALLEN NORDEN,  : <br>     Plaintiffs,                            : <br>                                       : <br> v.                                               : <br>                                       : <br> RYAN BRAIS,                         : <br>     Defendant.                      : | CIVIL CASE NO. <br> 3:17-CV-00520 (VAB) |

## RULING RE: MOTION TO REMAND CASE

Alice Melillo and Allen Norden ("Plaintiffs") initiated this action against Ryan Brais ("Defendant") in small claims court on December 21, 2016. Defendant filed a motion to have Plaintiffs' action transferred to the Connecticut Superior Court for the Judicial District for New London on January 31, 2017, which was granted on or about February 6, 2017. Plaintiffs filed a Revised Complaint in Superior Court on March 9, 2017.

On March 30, Defendant removed the case to this Court, claiming original federal jurisdiction based on Plaintiffs' allegations under the Fourth Amendment to the United States Constitution. Not. of Removal, ECF No. 1. Plaintiffs filed an "Objection of Removal" on April 3, 2017 requesting that the Court remand this case to the Superior Court in New London.[1] Mot. to Remand, ECF No. 22. Defendant filed a reply to Plaintiffs' motion on April 17, 2017 opposing remand in this case. Def. Opp., ECF No. 19. For the reasons outlined below, Plaintiffs' [22] Motion to Remand Case is **DENIED**.

---

[1] Plaintiffs' Objection, ECF No. 13, was later re-docketed as a motion to remand the case to superior court, ECF No. 22. Plaintiffs' filing is hereinafter referred to as a "motion to remand."

I.      FACTUAL BACKGROUND

Defendant Ryan Brais is a Zoning Official for the Town of Plainfield. Small Claims Compl., Pls. Motion to Remand Ex. 1, ECF No. 22-1. Plaintiffs' initial Complaint, filed with the Small Claims Session of the Connecticut Superior Court, alleged harassment, emotional distress, and violation of civil rights. *Id.* Plaintiffs' Revised Complaint, filed in Connecticut Superior Court, further clarified Plaintiffs' claims by specifically alleging that Defendant, acting in his official capacity, violated Plaintiffs' constitutional rights under the Fourth Amendment of the United States Constitution. Rev. Compl. ¶ 1, ECF No. 1-1.

Plaintiffs allege that Defendant violated their Fourth Amendment right to privacy and caused them financial and emotional distress by harassing them through numerous and repetitive inspections of their home. *Id.* According to Plaintiffs, Defendant conducted multiple unnecessary inspections of the same area in Plaintiffs' detached garage. *Id*. at ¶ 9. Plaintiffs also allege that Defendant required them to sign a document giving Defendant permission to inspect Plaintiffs' property at any time with only twenty-four hours' notice. *Id.* at ¶¶ 8, 10-12. Defendant allegedly took some of Plaintiffs' personal belongings from their home without their permission. *Id.* at ¶ 18. According to Plaintiffs, Defendant's conduct ultimately required them to sell their home at a loss. *Id.* at ¶ 16.

On March 30, 2017, twenty-one (21) days after Plaintiffs filed their Revised Complaint in Superior Court, Defendant removed the case to this Court, and the Revised Complaint became the operative Complaint in this action. Not. of Rem., ECF No. 1. After filing an Objection to the Notice of Removal, ECF No. 13, which was later re-filed as a Motion to Remand, ECF No.

22, Plaintiffs submitted a motion to amend their Revised Complaint by adding an additional federal claim under 18 U.S.C. § 242, Mot. to Am., ECF No. 24.[2]

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over all cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case may be removed to federal court if the plaintiff's well-pleaded complaint raises issues arising from federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62 (1987).

A defendant must file a notice of removal either within thirty days of receiving a copy of the initial pleading setting forth the claim for relief, or within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1) and (3). Absent a finding of estoppel or waiver, this statutory time limit is rigorously enforced by the federal courts. *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (1991).

---

[2] Plaintiffs' [24] Motion to Amend seeks to add one federal claim to the operative Complaint, a claim under 18 U.S.C. § 242 seeking criminal penalties for Defendant's alleged willful violation of Plaintiffs' constitutional rights under color of law. This statute, however, does not allow for a private right of action in a civil case. *See McLaughlin v. CitiMortgage, Inc*., 726 F. Supp. 2d 201, 220 (D. Conn. 2010) ("[I]t is well settled that neither 18 U.S.C. § 242 nor § 1583, both of which are criminal statutes, provide a private right of action."); *Dugar v. Coughlin*, 613 F. Supp. 849 n. 1 (S.D.N.Y. 1985) (confirming that there is no private right of action under federal criminal statute, 18 U.S.C. § 242, proscribing the deprivation of rights under color of law). "[L]eave to amend a complaint may be denied when amendment would be futile." *Tocker v. Philip Morris Cos*., 470 F.3d 481, 491 (2d Cir. 2006). As Plaintiffs' proposed amendment would not provide any basis for relief, this amendment would be futile. Accordingly, Plaintiffs' [24] Motion to Amend is denied.

## III. DISCUSSION

Plaintiffs have petitioned the Court to remand this case to the Connecticut Superior Court in New London. Plaintiffs do not argue that their claims are not federal in nature; rather, Plaintiffs allege that removal is inappropriate because (1) Defendant initiated the removal outside of the thirty-day time limit imposed by 28 U.S.C. § 1446, and (2) moving the case from New London to Bridgeport would result in hardship to Plaintiffs, as they are elderly and are unable to travel to the United States District Court for the District of Connecticut in Bridgeport. Pl. Mot. at ¶ 16. Each of Plaintiffs' arguments is examined in further detail below.

### A. Time Limit for Removal

Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day time period does not necessarily commence upon serving the initial complaint—it commences only when the defendant receives information from which he can ascertain the case's removability. 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *see also Whitaker v. American Telecasting Inc.,* 261 F.3d 196, 205-206 (2d Cir. 2001) ("A case is removable when the initial pleading 'enables the defendant to "intelligently ascertain" removability from the face of such pleading, so that in its petition for removal[, the] defendant can make a short and plain statement of the grounds for removal as

required [by] 28 U.S.C. § 1446(a).'") (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997)).

Plaintiffs argue that Defendant improperly removed the case outside of the time limit for removal, as Defendant filed the notice of removal more than thirty (30) days after Plaintiffs filed their initial complaint in this matter. Plaintiffs' initial complaint, however, which was filed in small claims court on December 21, 2016, did not clearly assert a federal cause of action. This complaint broadly alleged "violation of civil rights" and "invasion of privacy," but it did not specify whether the allegations were made under the Connecticut Constitution or the United States Constitution. Small Claims Compl., Pls. Motion to Remand Ex. 1, ECF No. 22-1.

Like the Fourth Amendment of the United States Constitution, the Connecticut Constitution protects Connecticut residents from "unreasonable searches and seizures . . . ." *See* Conn. Const. art. I, § 7. Thus, the claims stated in Plaintiffs' initial complaint could have been asserted exclusively under state law, and removal would have been inappropriate based on that complaint alone. *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("'In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'") (quoting *Somlyo*, 932 F.2d at 1045-46); *Tortora v. City of Shelton Bd. of Fire Comm'rs*, No. 3:12-CV-951 (SRU), 2012 WL 4854694, at *2 (D. Conn. Oct. 11, 2012) ("Passing references to federal law in a state court complaint are insufficient to support removal based on federal-question jurisdiction.")

Unlike Plaintiffs' initial complaint in small claims court, however, Plaintiffs' Revised Complaint in Superior Court specified the nature of Plaintiffs' claims, alleging unequivocally that Plaintiffs' privacy claims arose from the Fourth Amendment of the United States

5

Constitution. Pls. Revised Compl. at 1, Def. Reply Br. Ex. 7, ECF No. 19-7. Given the ambiguity in Plaintiffs' original complaint, Defendant could not "intelligently ascertain" the removability of Plaintiffs' case until the filing of the Revised Complaint on March 9, 2017. *Id.*; *Whitaker*, 261 F.3d at 205-206. The Revised Complaint was filed on March 9, 2017 and Defendant filed his Notice of Removal on March 30, 2017; therefore, Defendant's Notice of Removal fell within the thirty-day time period dictated by 28 U.S.C. § 1446(b)(3), and to remand based on the untimeliness of removal would be inappropriate.

### B. Hardship

Alternatively, Plaintiffs argue that the case should be remanded to the state court because maintaining this action in this Court would create a substantial hardship for them. Plaintiffs assert that they are elderly and would be unable to travel from their home in New London, Connecticut to this Court in Bridgeport, Connecticut for proceedings or filings. Plaintiff Alice Melillo had hip replacement surgery on February 13, 2017, *see* Mot. for Extension of Time, Pls. Mot. to Remand Ex. 10, ECF No. 22-10, and after experiencing complications with her hip surgery, she is considered "home bound." *Id.* Plaintiffs also state that they have an older computer which is not equipped to submit electronic complaints to the Court, requiring Plaintiffs to travel to the relevant courthouse in person to physically deliver all papers. Pls. Mot. at ¶ 17, ECF No. 22.

Despite the alleged burden on Plaintiffs from maintaining this action in federal court, the doctrine governing the removal of cases from state court confirms the Court's original jurisdiction in this matter. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law.") (quoting 28 U.S.C. § 1441(b)). As discussed above, Plaintiffs' Revised Complaint

makes it clear that their claims against Defendant are claims under the Fourth Amendment of the United States Constitution. Thus, Plaintiffs have clearly invoked the protections of federal law, not state law, with respect to their privacy claim, and the removal of this case was appropriate in light of the federal nature of Plaintiffs' claims.

Furthermore, Plaintiffs have not identified any case law suggesting that inconvenience or hardship to the parties would warrant a remand to state court where the district court has original jurisdiction under 28 U.S.C. § 1331. If the Court were to construe Plaintiffs' motion as a motion to transfer venue or a motion to change seat of court under the doctrine of *forum non conveniens*, the Court could transfer the location of this case based in part on the convenience of the parties. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) ("In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations.").

A transfer of venue in this case, however, would not remedy Plaintiffs' concerns about hardship. The District of Connecticut only has three seats of court – Bridgeport, New Haven, and Hartford – and all of these locations would require Plaintiffs to commute from their home in New London. Only a remand to the Connecticut Superior Court in New London would provide Plaintiffs the relief they seek, and a remand cannot be granted based solely on convenience to Plaintiffs. Plaintiffs' motion to remand case is appropriately denied.

## IV. CONCLUSION

Plaintiffs' [22] Motion to Remand Case is **DENIED**. Plaintiffs' [24] Motion for Leave to Amend is also **DENIED**, as Plaintiffs' proposed amendment would be futile.

SO ORDERED at Bridgeport, Connecticut, this 7th day of June, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE