# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ALICE MELILLO AND
ALLEN NORDEN,
    Plaintiffs,

v.

RYAN BRAIS,
    Defendant.

No. 3:17-cv-520 (VAB)

## RULING ON DEFENDANT'S MOTION TO DISMISS

Alice Melillo ("Ms. Melillo") and Allen Norden ("Mr. Norden") (together, "Plaintiffs") initially filed this lawsuit with the Small Claims Session of the Connecticut Superior Court, alleging harassment, emotional distress, and a violation of their civil rights, against Ryan Brais ("Mr. Brais" or "Defendant"). Small Claims Compl., Pls. Motion to Remand Ex. 1, ECF No. 13-1. They alleged that Mr. Brais, a zoning official in Plainfield, Connecticut, violated their Fourth Amendment rights by repeatedly and unnecessarily performing inspections in their garage; opening a closet door and taking photographs of its contents; and taking several objects from the closet. *Id.*

Defendant transferred the case from Small Claims Court to Connecticut Superior Court, and then removed to this Court. Notice of Removal, ECF No. 1. Plaintiffs moved to remand the case to state court, and this Court denied the motion. ECF Nos. 13, 26.

Defendant now moves to dismiss, arguing that Plaintiffs have failed to allege that they have standing to bring their Fourth Amendment claims against him. Mot. Dismiss, ECF No. 40. Plaintiffs have also moved to amend their Complaint. Mot. Amend, ECF No. 44.

1

For the reasons discussed below, Defendant's motion to dismiss is **GRANTED**, and Plaintiffs' motion to amend is also **GRANTED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

   A.   Factual Allegations

Plaintiffs allege that Defendant, a zoning official for the Town of Plainfield acting in his official capacity, violated their Fourth Amendment rights to privacy while he performed numerous inspections at their home. Revised Compl. ¶¶ 1, 4, 6, Notice of Removal Ex. A, ECF No. 1-1. They allege that Defendant parked his car on the road outside of their house and looked into the second floor of their detached garage to determine whether there was a kitchen facility inside. *Id.* ¶ 4. They allege that he also drove up the driveway, climbed a set of stairs leading to the garage, and looked through the window. *Id.* ¶ 5.

Plaintiffs claim that Defendant performed numerous, unnecessary inspections of the same area of their garage, "looking for the same thing each time." *Id.* ¶ 6. During one inspection, Defendant allegedly looked through a closed clothing wardrobe. *Id.* ¶ 7. After that, Plaintiffs noticed that several items were missing from the closet, including a bag that contained jewelry, two collector coins, and miscellaneous World War II memorabilia. *Id.* ¶ 18. Plaintiffs claim that Defendant has admitted that he looked through the closet. *Id.* ¶ 19.

Plaintiffs also allege that Defendant violated their right to privacy when he demanded that Ms. Melillo "sign a document which would allow the Defendant to inspect any and all of the property, including [the] house and out-buildings at any time with just a 24 hour notice." *Id.* ¶ 8. Plaintiffs claim that Defendant "caused the Plaintiffs severe emotional distress, stress, and worry by threatening the Plaintiffs with future inspections of their entire property with only a 24 hour notice." *Id.* ¶ 12. Plaintiffs allege that their severe emotional distress was partly caused by

Defendant's actions that "prevented the Plaintiff from visiting his sister with end stage Alzheimers Disease before her mental capacity for recognizing him ended," and that he was "unable to say his goodbyes and have closure." *Id.* ¶ 13.

One day, Defendant arrived for an inspection with a police officer who had a "German [Shepherd] attack dog," which Plaintiffs claim caused them severe emotional distress. *Id.* ¶ 14. Plaintiffs also allege that Defendant required them to destroy and demolish a toilet and sink in the detached garage—even though those fixtures had been approved by the Northeast District Department of Health—and that the removal cost over $2,000 and significant labor. *Id.* ¶ 15.

Ultimately, Plaintiffs allege, Defendant's conduct forced them to sell their home, and at a significant financial loss. *Id.* ¶ 16.

Plaintiffs seek "punitive damages in the amount of $50,000, plus 18% interest for the violation of the Plaintiffs' civil liberties, harassment, emotional, and financial distress." *Id*. at p. 6. In addition, they seek attorney's fees and costs related to the litigation. *Id.*

**B.     Procedural History**

Plaintiffs initially filed in small claims court on December 21, 2016. Defendant moved to transfer the case from small claims court to the regular civil docket of the Connecticut Superior Court, Judicial District of New London, on January 31, 2017, and his motion was granted on February 6, 2017. Notice of Removal at 1, ECF No. 1; *Melillo v. Brais*, No. KNL-CV175015354-S (Conn. Super. Ct. 2017).

Defendant then removed the lawsuit from the Connecticut Superior Court to this Court under 28 U.S.C. §§ 1331, 1343(3), 1441(a), 1441(c), 1446(a), and 1446(b)(3). Notice of Removal at 2. Defendant argued that "the controversy involves a federal question and the alleged deprivation of constitutionally protected civil rights." *Id.* Plaintiffs moved to remand the lawsuit

3

to state court, and this Court denied the motion to remand, finding that Plaintiffs had raised a federal question; Defendant had removed within time; and litigating in federal court would not cause undue hardship that would justify remanding the case. Ruling on Motion to Remand Case at 4-7, ECF No. 26.

Defendant now moves to dismiss, arguing that Plaintiffs have failed to state a claim upon which relief can be granted because Plaintiffs fail to allege facts supporting their standing to bring a Fourth Amendment claim against Defendant. Mot. Dismiss.

Plaintiffs have filed a motion to amend their Complaint, noting that the first Complaint was filed in small claims court, and since that time, they have had an opportunity to review relevant federal law. ECF No. 44. Plaintiffs have also filed a motion for a protective order, ECF No. 52, which the Court will address in a separate ruling.

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Court will dismiss any claim that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), the Court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the Complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

The Court will take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The Court will also view the factual allegations in the light most favorable to the plaintiff, and will draw all inferences in favor of the plaintiff. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), cert. denied, 537 U.S. 1089 (2002).

In addition, the Court will construe a Complaint filed by a plaintiff proceeding pro se liberally. *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015). *Pro se* pleadings will be read "to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "[W]hen addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

## III. DISCUSSION

Defendant argues that this case must be dismissed because Plaintiffs have not adequately alleged that they have standing to bring a Fourth Amendment claim. Mot. Dismiss at 8. Specifically, Defendant argues that Plaintiffs have failed to allege that they possessed a reasonable expectation of privacy in the wardrobe, and failed to allege that either or both of them possessed a possessory interest in the items allegedly taken from the wardrobe. *Id.* at 13-14. In addition, Defendant argues that Plaintiffs have failed to allege that it was Defendant who illegally seized the items, and suggests that it may have been their son or someone else who took the items. *Id.* at 16.

Plaintiffs respond that the following facts support their standing to bring a Fourth Amendment claim against Defendant.[1] First, Defendant "made multiple inspections of the same area within the upstairs of the detached garage on [their property]," looking for a bathroom and a kitchen. Pl.'s Response to Mot. Dismiss ¶ 1, ECF No. 41. Plaintiffs claim that "the missing items were stored in the clothing wardrobe in the upstairs bonus area of the garage," and that the "items were discovered to be missing the next day." *Id*. ¶ 2. Plaintiffs argue that Defendant's search of their wardrobe was unreasonable because "[a] closed clothing wardrobe would not be large enough to hide a kitchen sink, counter, stove, refrigerator, etc." *Id.* ¶ 5.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A search occurs when "the person invoking [the Fourth Amendment's] protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by

---

[1] Although Plaintiffs raised arguments under the Connecticut Constitution in the complaint that they filed in small claims court, their Amended Complaint in Superior Court raised claims under the Fourth Amendment, and at oral argument, Plaintiffs represented that they had abandoned claims under the Connecticut Constitution.

government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979). "The [Fourth] Amendment does not protect the merely subjective expectation of privacy, but only those 'expectation[s] that society is prepared to recognize as 'reasonable.'" *Oliver v. United States*, 466 U.S. 170, 177 (1984) (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring))).

Rather than proceed with an analysis of whether Plaintiffs have alleged facts to sustain a valid Fourth Amendment claim, which the Court may address if Plaintiffs submit an Amended Complaint, the Court notes that Plaintiffs' allegations should have been pled under Section 1983, not as a direct claim under the Fourth Amendment. *See* 42 U.S.C. 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."). With Section 1983, and "[a]s a result of the new structure of law that emerged in the post-Civil War era—and especially of the Fourteenth Amendment, which was its centerpiece—the role of the Federal Government as a guarantor of basic federal rights against state power was clearly established." *Mitchum v. Foster*, 407 U.S. 225, 238-39 (1972) (citations omitted). "Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation." *Id.* at 239.

Thus, "Section 1983 provides a federal remedy for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 105 (1989) (quoting 42 U.S.C. § 1983); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (stating that Section 1983 "provides 'a method for

vindicating federal rights elsewhere conferred,' including under the Constitution" (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))). "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140 (quoting 42 U.S.C. § 1983). Second, the plaintiff must show that "[t]he conduct at issue '[was] committed by a person acting under color of state law.'" *Cornejo*, 592 F.3d at 127 (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Plaintiffs may have a valid claim that their constitutional rights were violated by a person acting under the color of state law, based on their claims that Defendant allegedly performed unreasonable and unnecessary inspections of their detached garage, allegedly searched through a closet while there, and allegedly took their personal belongings. The Court declines to address whether Plaintiffs had a reasonable expectation of privacy in their garage, however, because the Complaint has not alleged facts under Section 1983—the appropriate avenue for relief here.

Therefore, the Court grants Defendant's motion to dismiss the Complaint, because the Complaint brings a direct civil suit under the Fourth Amendment, but grants Plaintiffs leave to amend the Complaint because Plaintiffs have alleged facts that indicate that "a valid claim might be stated," under a different legal theory. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) ("'[A] *pro se* complaint is to be read liberally' and 'should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999))); *cf. Cohen v. Rosenthal*, 2017 WL 3485504, at *5 (D. Conn. 2017) (dismissing with prejudice where "[e]ven under a liberal reading of the Second Amended Complaint, it does not appear that Plaintiff could state any valid claim").

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiffs' Motion to Amend is also **GRANTED**. Plaintiffs may serve an Amended Complaint within thirty days of this Order, to the extent that they wish to include claims under Section 1983 or amend their prayer for relief.

SO ORDERED at Bridgeport, Connecticut, this 21st day of December, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE