UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALICE MELILLO AND
ALLEN NORDEN,
    Plaintiffs,

v.

RYAN BRAIS,
    Defendant.

No. 3:17-cv-520 (VAB)

**RULING AND ORDER ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Alice Melillo and Allen Norden ("Plaintiffs") sued Ryan Brais ("Defendant"), alleging that Defendant violated their Fourth Amendment right to privacy, and claiming harassment, emotional and financial distress, and violations of their civil rights. Revised Compl. at 6, ECF No. 1-1. The parties are in discovery, and on December 12, 2017, Plaintiffs moved for a protective order under Rule 26(c) against certain interrogatories and subsequent requests for production submitted by Defendant. ECF No. 52; *see* Fed. R. Civ. P. 26(c). The Court held a telephonic status conference on January 5, 2018, and the parties have agreed to amend the scope of discovery. As a result, Plaintiffs' motion for a protective order is **DENIED** without prejudice to re-filing and the parties are invited to revisit the issues with the Court, to the extent necessary.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The pending discovery dispute relates mainly to the first and second set of interrogatories served by Defendant. There were also issues with the third and fourth sets of interrogatories, but Defendant has agreed to hold these matters in abeyance pending a resolution on the first and second sets of interrogatories.

1

The relevant inquiries from the first set of interrogatories relate to the following questions:

> #15: please identify all persons, whether related to you or not, who have resided in the residence located on the Subject Property, during the period from January 1, 2005, until you sold the Subject Property.
>
> #16: Please identify all persons, whether related to you or not, who have resided in the area you refer to in your Lawsuit as the "upstairs 'bonus' area of the detached garage" located on the subject property, during the period from January 1, 2005 until you sold the Subject Propety.
>
> #17: Please identify all persons, whether related to you or not, who have rented or leased the area you refer to in your lawsuit as the "upstairs 'bonus' areas of the detached garage" located on the Subject Property, during the period from January 1, 2005, until you sold the Property.

The relevant inquiries from the second set of interrogatories relate to the following questions:

> #4: Please identify any person or persons with whom you negotiated the sale of the property located at 280 Lathrop Road in Plainfield, Connecticut, whether such sale was ultimately consummated or not.
>
> #5: Please identify any realtor, real estate agent or real estate agency with whom you listed the Subject Property for sale during the period from January 1, 2013 until the Subject Property was sold.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26(c)(1), "[a] person for whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Where the discovery sought is relevant, the party seeking protection bears the burden of showing that good cause exists to grant the motion. *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981) (citations omitted); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (citation

omitted). Under Rule 45(d)(3)(A), a court is required to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

### III. DISCUSSION

As a preliminary matter, the Court notes that the parties have been advised to seek a telephonic conference with the Court before the filing of discovery motions to avoid unnecessary time and expense for the parties. See Judge Bolden's Pretrial Preferences, http://ctd.uscourts.gov/content/victor-bolden ("Motions to resolve discovery disputes cannot be filed unless first discussed with Judge Bolden. Judge Bolden will attempt to resolve discovery disputes by conference call whenever possible. . . ."); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1888-89 (2016) (finding that a federal district court has an inherent power to manage its docket "with a view toward the efficient and expedient resolution of cases[.]").

Nevertheless, recognizing that Plaintiffs are proceeding *pro se*, and in the interest of moving this case as expeditiously as possible, the Court conducted a telephonic discovery conference with the parties on January 5, 2018, at 1:30 p.m. During the discovery conference, Defendant agreed to limit the time period for the challenged interrogatories from the first to the time period between January 1, 2015, and Plaintiffs' sale of their house. On the second set of interrogatories, Plaintiffs were encouraged to answer these questions as completely as possible, given that there appeared to be limited discoverable evidence. Finally, Defendant agreed to hold in abeyance his request for discovery related to the disputed items in the third and fourth sets of interrogatories, in light of the anticipated responses to the outstanding responses on the first set of interrogatories, resolved during the discovery conference.

3

As a result, the motion for a protective order is denied, and the parties are advised that if any issues arise in the future, either party may file a new motion for a discovery conference.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for a protective order is **DENIED** without prejudice. An Order amending the discovery schedule will follow.

SO ORDERED at Bridgeport, Connecticut, this 5th day of January, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE