UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALICE MELILLO and
ALLEN NORDEN,
  Plaintiffs,

v.

RYAN BRAIS,
  Defendant.

No. 3:17-cv-520 (VAB)

**RULING ON MOTION TO DISMISS THE AMENDED COMPLAINT**

Alice Melillo and Allen Norden (together, "Plaintiffs") filed an Amended Complaint on January 19, 2018, against Ryan Brais, a zoning official in Plainfield, Connecticut, for allegedly violating their Fourth Amendment rights under 42 U.S.C. § 1983 by repeatedly and unnecessarily performing inspections in their garage; opening a closet door and taking photographs of its contents; and taking several objects from the closet. Am. Compl., ECF No. 64.

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), arguing that any claims against Mr. Brais in his official capacity must be dismissed for insufficient service of process, Plaintiffs' Fourth Amendment claims must be dismissed for failing to state a claim upon which relief can be granted, and Plaintiffs' various other claims must be dismissed for exceeding the scope of the leave to amend and for failing to state a claim. Mot. Dismiss at 1–2, ECF No. 80.

For the reasons discussed below, Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. Plaintiffs' claims against Mr. Brais in his official capacity are dismissed; all other claims will proceed.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Plaintiffs allege that Mr. Brais, a zoning official for the Town of Plainfield, violated their right to privacy when he made three inspections of their detached garage within thirty-five days, looking for a kitchen and bathroom each time. Am. Compl. ¶¶ 8–9, 13. Plaintiffs allege that Mr. Brais used "false, inaccurate, and unsubstantiated" information to gain access to their garage, and then made three inspections "looking for a kitchen and full bathroom each time." *Id.* ¶¶ 11, 13. Mr. Brais allegedly told Plaintiffs that during the inspection "no (personal) items stored within the upstairs area of the detached garage could be covered." *Id.* ¶ 14. Mr. Brais also allegedly "demanded that the Plaintiffs destroy and remove all plumbing and fixtures for a bathroom toilet and sink that was in the process of being permitted by the Northeast District Department of Health," even though "in order to complete testing for water and waste, required by the NDDH for the permit, the toilet and sink in the upstairs area of the detached garage, had to be in place and functional." *Id.* ¶¶ 15–16.

Plaintiffs also allege that Mr. Brais, "acting in his official capacity, and acting under the color of law," during an inspection unlawfully opened the doors to a closed wardrobe, looked through it, and photographed its contents. *Id.* ¶ 18. Plaintiffs allege that Mr. Brais's inspection was supposed to determine "the existence of 'apartments or dwelling units' allegedly located in the detached garage on the Property," and that Mr. Brais knew or should have known that "the upstairs area of the detached garage on the Property was used as a recreational area and for storage[.]" *Id.* ¶¶ 21–23.

Plaintiffs also allege that after Mr. Brais's second inspection, on June 9, 2015, "a small bag containing miscellaneous, sentimental items and jewelry that had been stored within, was

missing," including a 1968 fourteen-karat gold U.S. Marine ring, two 1918 ten-dollar gold coins, miscellaneous military uniform bars and patches, and a pewter cigarette case with a lighter. *Id.* ¶¶ 25–27. Plaintiffs claim that they sent Mr. Brais a letter on June 10, 2015, explaining that their belongings were missing and claim that Mr. Brais admitted that he opened the wardrobe and inspected and photographed its contents, but denied taking any of their belongings. *Id.* ¶ 30.

Plaintiffs allege that Mr. Brais filed a civil complaint in Superior Court against Ms. Melillo on June 12, 2015. *Id.* ¶ 32. In the complaint, Mr. Brais allegedly stated that Plaintiffs had an apartment located within the detached garage, even though he allegedly "was well aware that there was no violation or 'apartment' located in the detached garage prior to the drafting of the civil complaint." *Id.* ¶¶ 33–34. As part of the civil litigation, Plaintiffs allege that Mr. Brais required Ms. Melillo "to sign a 'Stipulated Judgment' . . . giving the Defendant the absolute right to inspect/search all buildings on the Property, including the home, with only a 24-hour notice, at his will." *Id.* ¶ 38.

Plaintiffs claim that, on July 2, 2015, Mr. Brais inspected their detached garage for a third time, "accompanied by a Plainfield Police Officer and German Shepard attack dog." *Id.* ¶ 39. They claim that their property had no violations, but Mr. Brais "knowingly and willfully never informed the Plaintiffs there were no violations and did not withdraw the civil litigation until three (3) weeks after the Property was sold." *Id.* ¶ 40. The civil complaint was allegedly withdrawn on September 28, 2015, three weeks after Plaintiffs sold the property. *Id.* ¶ 41.

Plaintiffs allege that Mr. Brais "was aware that it was imperative for the inspection to take place as soon as possible, so the Plaintiffs could get to Florida" to visit Mr. Norden's sister, "who was suffering from a mentally debilitating and terminal disease." *Id.* ¶ 44. Plaintiffs allege that Mr. Norden "suffered [severe] emotional distress, as a consequence of the Defendant's

3

actions, for not being able to see his sister before her illness prevented her from having the ability to recognize and speak to him." *Id.* ¶ 61. They allege that, as a result of Mr. Brais's actions, they were forced to prematurely sell their home, and that they suffered emotional and financial distress as a result. *Id.* ¶¶ 64–65.

## B. Procedural History

Plaintiffs initially filed in small claims court on December 21, 2016. Defendant moved to transfer the case to the regular civil docket of the Connecticut Superior Court, Judicial District of New London, on January 31, 2017, and his motion was granted on February 6, 2017. Notice of Removal at 1, ECF No. 1; *Melillo v. Brais*, No. KNL-CV175015354-S (Conn. Super. Ct. 2017).

Defendant then removed the lawsuit from Connecticut Superior Court to this Court. Notice of Removal at 2 (claiming federal question jurisdiction). Plaintiffs moved to remand, and this Court denied the motion, finding that federal question jurisdiction, timeliness, and no undue hardship. Ruling on Motion to Remand Case at 4–7, ECF No. 26.

On July 14, 2017, Defendant moved to dismiss the original Complaint. First Mot. Dismiss, ECF No. 40. On December 21, 2017, the Court granted Defendant's motion to dismiss. Order, ECF No. 53. The Court explained that the Complaint, which alleged direct violations of the Fourth Amendment, should have been brought under 42 U.S.C. § 1983. *Id.* at 7. The Court therefore, at that point, did not address whether Plaintiffs had successfully alleged plausible claims of a Fourth Amendment violation through Section 1983, and instead granted Plaintiffs' motion to amend the Complaint. *Id.* ("Rather than proceed with an analysis of whether Plaintiffs have alleged facts to sustain a valid Fourth Amendment claim, which the Court may address if Plaintiffs submit an Amended Complaint, the Court notes that Plaintiffs' allegations should have been pled under Section 1983, not as a direct claim under the Fourth Amendment."). The Court

left open the possibility that the allegations could support a claim under a different legal theory and allowed Plaintiffs to amend the Complaint within thirty days of the Order. *Id.* at 8–9.

Plaintiffs filed an Amended Complaint on January 19, 2018, asserting that, under Section 1983, Defendant had violated their Fourth Amendment rights to privacy and against unwarranted searches and seizures by performing frequent and unnecessary inspections of their detached garage. Am. Compl., ECF No. 64. Plaintiffs also brought a claim of intentional infliction of emotional distress. *Id.*

Defendants now move to dismiss the Amended Complaint, claiming that any claims against Mr. Brais in his official capacity must be dismissed, any Fourth Amendment claims must be dismissed for failure to state a claim upon which relief can be granted, and Plaintiffs' various other claims, including intentional infliction of emotional distress, must be dismissed as legally insufficient and exceeding the scope of the leave to amend, Second Mot. Dismiss at 10, 17, 20, 27, 34–39.

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and the Court will dismiss any claim that fails "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), the Court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the Complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

At this stage, the Court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The Court also views allegations in the light most favorable to the plaintiff, and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), cert. denied, 537 U.S. 1089 (2002).

In addition, the Court will construe a complaint filed by a plaintiff proceeding *pro se* liberally. *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015). *Pro se* pleadings will be read "to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "[W]hen addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v.*

*Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

Finally, under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss for "insufficient service of process," and the Court will grant the motion "if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007); Fed. R. Civ. P. 12(b)(5). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

### III. DISCUSSION

The Court granted Plaintiffs' motion to amend in this case because "Plaintiffs [had] alleged facts that indicate[d] that 'a valid claim might be stated,' under a different legal theory." Order Granting Motion to Dismiss at 8 (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) ("'[A] *pro se* complaint is to be read liberally' and 'should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.")). In their Amended Complaint, Plaintiffs did revise their claims to assert that Mr. Brais violated the Fourth Amendment under Section 1983. For the reasons discussed below, those claims will proceed.

Defendant moves to dismiss the Complaint, arguing that "the Amended Complaint seeks to alter this case from an individual capacity suit to an 'official capacity' suit." Second Mot. Dismiss at 10 (citing *Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir. 1993) ("[W]hen the face of a complaint fails to state clearly whether a government official is being sued in his official capacity, or his individual capacity, or both, courts look to '[t]he course of the proceedings' to

7

determine 'the nature of the liability to be imposed.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 n.14 (1985)) (additional internal quotation marks and citation omitted).

The Court disagrees that the Amended Complaint intended to transform the lawsuit into an official capacity suit, and will construe the Amended Complaint liberally as bringing claims under Section 1983. *See* Order at 7 (observing that "Plaintiffs' allegations should have been pled under Section 1983, not as a direct claim under the Fourth Amendment"); *see also Bertin*, 478 F.3d at 491 (explaining that the Court reads *pro se* pleadings "to raise the strongest arguments they suggest"). Although Plaintiffs assert claims against Mr. Brais "acting in his official capacity as zoning enforcement officer, for the Town of Plainfield, CT, and acting under the color of law," *see, e.g.*, Am. Compl. ¶ 11, the Court construes Plaintiffs' claims to intend to bring a Fourth Amendment claim against Mr. Brais as an individual acting under the color of law in violation of 42 U.S.C. § 1983, an individual capacity claim. *See Mitchum v. Foster*, 407 U.S. 225, 239 (1972) ("Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation.").

Defendant also argues that the Amended Complaint must be dismissed for failure to state a claim. Second Mot. Dismiss at 17. The Court disagrees. Plaintiffs allege that Mr. Brais, acting under the color of law, seized Plaintiffs' personal property in violation of their right to be free from unreasonable searches and seizures. *See United States v. James Daniel Good Real Property*, 510 U.S. 43, 48–49 (1993) ("Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property."). To survive a motion to dismiss, Plaintiffs need only plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570). Here, Plaintiffs have pled sufficient facts to state a claim for relief under the Fourth Amendment and Section 1983. *See id.* ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Finally, Defendant also moves to dismiss Plaintiffs' claim for intentional infliction of emotional distress. Second Mot. Dismiss at 27. To establish a claim of intentional infliction of emotional distress in Connecticut, a plaintiff must allege:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine . . . Only where reasonable minds disagree does it become an issue for the jury.

*Geiger v. Carey*, 170 Conn. App. 459, 497 (2017) (quoting *Gagnon v. Housatonic Valley Tourism District Commission*, 92 Conn. App. 835, 846 (2006)). Extreme and outrageous conduct means conduct that goes "beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Appleton v. Board of Education*, 254 Conn. 205, 210–11 (2000)). "In order to state a cognizable cause of action, Plaintiff must not only allege each of the four elements, but also must allege facts sufficient to support them." *Golnik v. Amato*, 299 F. Supp. 2d 8, 15 (D. Conn. 2003).

Here, Plaintiffs have alleged that Mr. Brais intentionally and recklessly caused Plaintiffs severe emotional distress by performing unnecessary inspections of their property, including by arriving with a police officer and an "attack dog," delaying inspections and the sale of their home, and taking their personal property. Am. Compl. ¶¶ 55–57, 59–68. The Court finds that

9

Plaintiffs have sufficiently pled the elements of the tort; whether these allegations can, as a factual matter, support a claim of intentional infliction of emotional distress is a factual question better considered at the summary judgment stage. *See Gagnon*, 92 Conn. App. at 846 (considering "[w]hether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous" at summary judgment); *Iqbal*, 556 U.S. at 578 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

**IV.  CONCLUSION**

For all of the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. The motion to dismiss is granted to the extent that the Amended Complaint asserts claims against Mr. Brais in his official capacity, and denied as to all other claims.

SO ORDERED at Bridgeport, Connecticut, this 17th day of April, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE