UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALICE MELILLO and
ALLEN NORDEN,
    Plaintiffs,

v.

RYAN BRAIS,
    Defendant.

No. 3:17-cv-520 (VAB)

**RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

This case, removed from Connecticut Superior Court on March 30, 2017, involves allegations that a zoning official in Plainfield, Connecticut, Ryan Brais ("Defendant"), violated the Fourth Amendment rights of Alice Melillo and Allen Norden (together, "Plaintiffs") by performing unnecessary inspections in their garage, photographing their belongings, and taking several objects from a closet, in violation of Section 1983. *See* Am. Compl., ECF No. 64.

On August 3, 2018, Mr. Brais moved for summary judgment. ECF No. 105.

For the following reasons, the motion for summary judgment is **DENIED**. This case, however, will proceed to trial only if Plaintiffs have admissible evidence that demonstrates a genuine issue of material fact as to whether Mr. Brais is entitled to qualified immunity, as addressed further below. Plaintiffs' response is due on or before September 7, 2018.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural background in this case. *See* Order granting Motion to Dismiss at 2–4, ECF No. 53; Order granting in part and denying in part Motion to Dismiss Amended Complaint at 2–5, ECF No. 89.

1

On December 21, 2016, Plaintiffs filed this case in small claims court. Defendant transferred the case to the regular civil docket of the Connecticut Superior Court. Notice of Removal at 1, ECF No. 1; *Melillo v. Brais*, No. KNL-CV175015354-S (Conn. Super. Ct. 2017). Defendant then removed the case to this Court. Notice of Removal at 2. Plaintiffs moved to remand, and this Court denied the motion, finding that it had federal question jurisdiction over the case. Ruling on Motion to Remand Case at 4–7, ECF No. 26.

On July 14, 2017, Defendant moved to dismiss the original Complaint, and on December 21, 2017, the Court granted the motion to dismiss. ECF Nos. 40, 53. On January 19, 2018, Plaintiffs filed an Amended Complaint, asserting that Defendant had violated their Fourth Amendment rights to privacy in violation of Section 1983. Am. Compl., ECF No. 64. Plaintiffs also brought a claim of intentional infliction of emotional distress. *Id.* Defendant moved to dismiss the Amended Complaint, and the Court granted the motion to the extent that the Amended Complaint asserted claims against Mr. Brais in his official capacity, but denied that motion on all other claims. ECF No. 89.

On August 3, 2018, Defendant filed a motion for summary judgment, asserting: (1) Mr. Brais is entitled to qualified immunity with regard to Plaintiffs' constitutional claims under Counts One and Two; (2) Mr. Brais, by commencing and prosecuting a zoning enforcement action, did not violate Plaintiffs' constitutional rights; (3) Mr. Brais did not deprive Plaintiffs of a right to appeal a 2015 cease and desist order; (4) the submission of a proposed stipulated judgment to Plaintiffs did not violate their constitutional rights; (5) Mr. Brais did not seize or take Plaintiffs' personal belongings and is therefore not liable to compensate Plaintiffs; and (6) Plaintiffs' state-law claim for intentional infliction of emotional distress fails as a matter of law.

Mot. for Summ. J., ECF No. 105. Along with his motion for summary judgment, Mr. Brais also filed a sixty-six page statement of material facts. ECF No. 105-2.

On August 8, 2018, Plaintiffs filed an emergency motion for clarification, arguing that Mr. Brais's sixty-six page statement of material facts violated this Court's Local Rules, which require that a Local Rule 56(a)(1) statement "shall be no longer than twelve (12) double-spaced pages, absent leave of the Court granted for good cause shown." Mot. for Clarification at 1, ECF No. 106-1.

On August 8, 2018, Mr. Brais filed a response to Plaintiffs' motion, admitting that the original Local 56(a)(1) Statement violated the page limit of the Local Rule. ECF No. 108. Mr. Brais filed a proposed amended Local 56(a)(1) Statement, which is 41 pages, and requests that the Court grant, *nunc pro tunc*, leave to file excess pages. *Id.* at 1–2. Plaintiffs objected to the request to file excess pages. ECF No. 109.

## II. STANDARD OF REVIEW

A court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48.

A court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion. *Dufort v. City of New York*, 874 F.3d 338, 343

(2d Cir. 2017). A court will not draw an inference of a genuine dispute of material fact from conclusory allegations or denials, *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011), and will grant summary judgment only "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250.

**III. DISCUSSION**

As the very first rule makes clear, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This case is a relatively straightforward lawsuit. Two plaintiffs complain that a government official violated their constitutional rights in searching, and perhaps even stealing from, their home. The government official, in turn, denies any wrongdoing. As a result, even the most casual observer of the American legal system would expect this case to be resolved both speedily and inexpensively. But that has not happened.

At every stage of this case, the filings have been voluminous and excessive. *See, e.g.*, Order Denying Motion for Clarification, ECF No. 91 (denying "Defendant's motion for reconsideration, which raises claims that Plaintiff did not allege in the Amended Complaint and Plaintiffs have expressly denied having brought" and noting that "Defendant appears to be clogging this relatively straightforward case's docket with filings, excessive both in terms of their number and in their length.").[1]

The Court thus agrees with Plaintiffs that Mr. Brias's sixty-six page statement of material facts violates Local Rule 56(a)(1), which limits a statement of material facts to twelve pages. D.

---

[1] The Court notes that in its Order denying motion for clarification, it warned Defendant "to be cognizant of the Court's concern going forward," and noting that the Court could impose sanctions on an attorney or party who "multiplies the proceedings in any case unreasonably and vexatiously" under 28 U.S.C. § 1927. The Court will not impose sanctions at this stage, but it might consider doing so in the future, if the excessive filings continue.

Conn. L. Rule Civ. P. 56(a)(1); *see also Coger v. Connecticut*, 309 F. Supp. 2d 274, 277 (D. Conn. 2004) ("The purpose of Rule 56 is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed. Without such statement, 'the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties.'") (quoting *N.S. v. Stratford Bd. of Educ.*, 97 F. Supp. 2d 224, 227 (D. Conn. 2000)), *aff'd sub nom. Coger v. Connecticut Dep't of Pub. Safety*, 143 Fed. App'x 372 (2d Cir. 2005).

In fact, the proposed substitute statement of material facts is itself more than three times the page limit. *See* Response, ECF No. 108; *see also McCullough v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-00425 (VLB), 2017 WL 5076673, at *1 (D. Conn. Mar. 24, 2017) (finding that "the length of each party's Rule 56(a) statement evidences a transparent attempt to sidestep Chambers page limits," noting that the submissions were "unnecessarily long and argumentative, and reviewing them in full would be wasteful of the Court's scarce resources," and requiring a new round of briefing).

This is not the first failure to comply with this Court's Local Rules or this Court's specific instructions to be mindful of page limits and to avoid excessive filings. *See, e.g.*, D. Conn. L. R. Civ. P. 56(a)(1). Indeed, Defendant has filed numerous motions to exceed page limitations, despite the Court's urgings to write concisely, and to be mindful of "the Court's scarce resources." *McCullough*, 2017 WL 5076673, at *1; *see also* ECF No. 17 (granting motion for leave to file excess pages); ECF No. 104 (granting motion for leave to file excess pages but noting: "While the Court has serious concerns as to whether a brief in excess of the page limit is necessary, the Court nevertheless will grant this motion, but urges counsel to exercise sound judgment in exceeding the page limit."); ECF No. 105 (motion for summary judgment including

sixty-six page statement of material facts).

Moreover, both parties have moved to submit filings that exceed the normal constraints of a civil lawsuit. ECF No. 49 (granting motion for leave to file sur-reply to Plaintiffs' Response to Objection); ECF No. 91 (Order denying motion for clarification and noting "Defendant appears to be clogging this relatively straightforward case's docket with filings, excessive both in terms of their number and in their length. Counsel for defendant is advised to be cognizant of the Court's concern going forward.") (citing 28 U.S.C. § 1927); ECF No. 108 (response to emergency motion including forty-two page substitute statement of material facts).

The parties have also failed to follow the Court's Chambers Practices for discovery. ECF No. 61 (noting that the parties had been "advised to seek a telephonic conference with the Court before the filing of discovery motions to avoid unnecessary time and expense for the parties" but that the Court, "recognizing that Plaintiffs are proceeding *pro se*, and in the interest of moving this case as expeditiously as possible," conducted a telephonic discovery conference in any case). And the parties have filed numerous "emergency motions," demanding the Court's immediate attention to issues that should be dealt with in the regular course of a case. *See, e.g.*, ECF No. 65 (emergency motion for leave to file objections to Amended Complaint); ECF No. 66 (emergency motion to stay scheduling order); ECF No. 71 (emergency motion for extension of deadline to file damages analysis); ECF No. 85 (emergency motion for extension of time to take depositions); ECF No. 106 (emergency motion for clarification on Defendant's Local Rule 56(a)(1) Statement); ECF No. 109 (emergency response and objection to Defendant's response).

As a result, based on Mr. Brais's failure to file a proper motion for summary judgment, and in the interest of moving this case at a swifter and more economical pace, the Court denies Mr. Brais's motion for summary judgment. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1889 (2016)

(noting the district court's inherent power "to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases").

For this case to proceed to trial, however, Plaintiffs must establish that there are genuine issues of material fact to be determined by a jury. Mr. Brais has raised an issue of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Huth v. Haslun*, 598 F.3d 70, 73 (2d Cir. 2010) ("To overcome the defense of qualified immunity, a plaintiff must show both (1) the violation of a constitutional right and (2) that the constitutional right was clearly established at the time of the alleged violation.") (citing *Pearson*, 555 U.S. 223). "A defendant is entitled to qualified immunity only if he can show that, viewing the evidence in the light most favorable to plaintiffs, no reasonable jury could conclude that the defendant acted unreasonably in light of the clearly established law." *Golodner v. Berliner*, 770 F.3d 196, 205 (2d Cir. 2014) (quoting *Demoret v. Zegarelli*, 451 F.3d 140, 148 (2d Cir. 2006)).

Mr. Brais argues that "for the Defendant to be denied qualified immunity as to any of his inspections of the Detached Garage and/or of the Standing Wardrobe in 2015, it must have been 'clearly established' that it was unconstitutional for a government official to conduct a warrantless administrative search of private property in order to ascertain compliance with an unappealed and, therefore, presumptively valid cease and desist order, notwithstanding that the property owners consented to each search," and that "if the Defendant[] made a mistake of fact as to whether consent had been given as to any of his inspections, qualified immunity would still shield him for making such a reasonable mistake of fact." Mot. for Summ. J. at 8–9.

7

In their Amended Complaint, Plaintiffs alleged that Mr. Brais not only performed an administrative inspection of their private property, but that he photographed and took their belongings. Am. Compl. ¶ 18 ("The Defendant, Ryan Brais, acting in his official capacity, and acting under the color of law, deprived the Plaintiffs of their constitutional right to unwarranted search and seizure when during the second (2nd) inspection on June 9, 2015, the Defendant was caught with the doors open to a (closed) clothing wardrobe, looking through the contents, and photographing the items stored within."); ¶ 25 ("The Plaintiffs discovered that after the Defendant's (2nd) inspection on June 9, 2015, when he was caught in the (closed) clothing wardrobe, a small bag containing miscellaneous, sentimental items and jewelry that had been stored within, was missing."); ¶ 50 ("The Defendant, on June 9, 2015 (during the 2nd inspection), without provocation or permission opened, inspected/searched, and photographed the contents of a (closed) clothing wardrobe."); ¶ 51 ("The Plaintiffs discovered on the morning of June 10, 2015, (after learning of the Defendant's action during the 2nd inspection), that sentimental/invaluable items that were known to be stored in the clothing wardrobe, were missing.").

If the factual allegations in Plaintiffs' Amended Complaint can be established through the submission of admissible evidence, through sworn affidavits, documents or otherwise, the law is clearly established that a state official may not take personal property without consent or a warrant, and a reasonable jury at this stage could find that it was not "objectively reasonable for the defendant to believe that his action did not violate the law." *Aczel v. Labonia*, 3:00-cv-01802 (PCD), 2006 WL 2715345, at *3 (D. Conn. 2006); *see also Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("The relevant question . . . is the objective (albeit fact-specific) question whether a reasonable officer could have believed [the] warrantless search to be lawful, in light of

clearly established law and the information the searching officers possessed."). Questions of fact, therefore, would remain for the jury to decide.

As a result, consistent with its inherent power "to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases," *Dietz*, 136 S. Ct. at 1889, the Court therefore orders Plaintiffs to provide support for their allegations that Mr. Brais not only performed an administrative inspection of their private property, but also photographed and/or took their belongings by September 7, 2018.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's motion for summary judgment is **DENIED**. Plaintiffs' response to this Order is due on or before **September 7, 2018**.

SO ORDERED at Bridgeport, Connecticut, this 22nd day of August, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE